UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FILED
U S DISTRICT COURT
NEW ALBANY DIVISION

05 OCT 12 AM 10: 31

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

STEPHEN E. BROADUS )
)
    Plaintiff )
)
vs )    CASE NO:
)
CITY OF NEW ALBANY )
) **4:05-CV- 0160 JDT - WGH**
    Defendant )

## PLAINTIFF'S COMPLAINT
## AND DEMAND FOR JURY TRIAL

    The Plaintiff, Stephen E. Broadus, by counsel, for his cause of action against the Defendant states:

### PARTIES

    1.    The Plaintiff, Stephen E. Broadus ("Broadus"), is a resident of Floyd County, Indiana.

    2.    The Defendant, City of New Albany ("New Albany"), is a municipal corporation located in Floyd County, Indiana.

### JURISDICTION AND VENUE

    3.    This action is, in part, based on a claim pursuant to the Age Discrimination in Employment Act (the "ADEA").

    4.    Broadus timely filed his Charge of Employment Discrimination with the EEOC and has received his Right to Sue Letter from the EEOC. (A copy of the letter is attached to this Complaint.)

### FACTS

    5.    Broadus was employed by the City of New Albany as a Plumbing Inspector for approximately eighteen (18) years.

041924 / 90050-1

6.    As a plumbing inspector, Broadus was a contract employee and could only be terminated for just cause pursuant to the New Albany City Ordinance, §150.025(B).

7.    Indiana has adopted the *2000 International Mechanical Code* (the "Code") as the Indiana Mechanical Code.

8.    The Code subjects an employee charged with enforcement of its provisions to personal liability for acts or omissions not made in good faith in the discharge of official duties.

9.    As a Plumbing Inspector, Broadus was responsible for the enforcement of the Code.

10.   The Mayor of New Albany, James Garner (the "Mayor"), appointed Eddie Hancock ("Hancock") as Builder Commissioner.

11.   Hancock, in his capacity as Building Commissioner, was the direct supervisor of Broadus.

12.   On multiple occasions during the Spring of 2004, Broadus was directed by Hancock to perform inspections without the required state releases, or asked by Hancock not to enforce particular provisions of the Code.

13.   On or about May 10, 2004, Broadus notified the Mayor of their concerns that they were being asked to do things by Hancock that were illegal.

14.   On July 21, 2004, Broadus performed a plumbing inspection on new construction of an industrial building located at 1808 Dewey Street in New Albany, Indiana (the "Dewey Site").

15.   Broadus' inspection of the Dewey Site revealed multiple violations of the Code.

16.   As a result of these violations, Broadus issued a stop work order on the Dewey Site.

17.    The Application for Improvement Location Permit and Certificate of Occupancy for the Dewey Site showed that Hancock was the owner of the property and that Hancock approved his own permit as Building Commissioner.

18.    On or about July 26, 2004, the State of Indiana began inspecting all commercial building because of issues of noncompliance and violations of the Code.

19.    On or about August 2, 2004, Broadus met with the Mayor, where Broadus again expressed their concerns that Hancock was directing them to ignore the requirements of the Code.

20.    At the meeting, the Mayor requested the inspectors to only speak with office personnel, the City Council, or the Building Commission regarding their concerns due to negative publicity in the newspapers.

21.    On or about August 20, 2004, Broadus provided the Mayor with a list of known or suspected code violations that needed to be addressed.

22.    On or about September 2, 2004, Broadus re-inspected the Dewey Site and found that the previous stop work order had been ignored.

23.    Broadus issued a second stop work order on the Dewey Site, and notified the Mayor and the Building Commission of the noncompliance by his Supervisor, Hancock.

24.    The next day, Broadus was notified by the City that he was being demoted from a "Regular Full-Time Employee" to a "Regular Part-Time Employee", thereby losing his benefits and cutting his salary in half.

25.    On or about October 3, 2004, Hancock stepped down as Building Commissioner and the Mayor became the acting Building Commissioner.

26.    Broadus continued to work for New Albany on a part-time basis and was limited to only performing plumbing inspections.

041924 / 90050-1                                                                                              3

27.     On November 30, 2004, Broadus notified the Mayor, as acting Building
Commissioner, of efficiency problems with the part-time schedule and problems with the use of
contracted inspectors that resulted in apparent conflicts of interest.

28.     On December 6, 2004, Broadus notified the Mayor that he was under doctor's
orders not to work until after December 15, 2004.

29.     On December 17, 2004, New Albany terminated Broadus as plumbing inspector
for alleged insubordination, based upon the fact that City Council Member Larry Kochert had
received a copy of a November 30, 2004 letter that alerted the Council to an apparent conflict of
interest involving an inspector performing work on contract for New Albany.

30.     On December 19, 2004, Broadus requested an appeal of his termination before the
merit board in writing.

31.     New Albany failed to adequately respond to the request or to hold the appeal as
required by city ordinance and thereby denied Broadus a meaningful opportunity to be heard
regarding his grievance.

### COUNT I – WRONGFUL DISCHARGE

32.     The Mayor terminated Broadus' employment as retaliation for Broadus' refusal to
commit illegal acts for which he would face personal liability.

33.     The aforementioned wrongful act constitutes wrongful discharge.

34.     As a result of the Mayor's acts, Broadus has suffered pecuniary and future losses
in the form of lost wages, benefits, and loss and/or diminishment of retirement benefits.

35.     As a result of the Mayor's acts, Broadus suffered severe emotional distress and
related medical problems.

36.     As a result of these medical problems, Broadus has been required to seek medical
treatment and incur medical expenses.

37.     Broadus has been unable to find comparable employment and remains unemployed.

38.     The Mayor's blatant retaliation subjected the public to safety concerns as the New Albany was left with no or inadequate building inspectors and warrants the imposition of punitive damages.

39.     Broadus timely filed a Notice of a Tort Claim pursuant to Indiana Code §34-13-3.

### COUNT II – BREACH OF CONTRACT

40.     Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 39, inclusive, as if set forth at length herein.

41.     As a result of the Mayor's acts, Broadus has suffered pecuniary and future losses in the form of lost wages, benefits, and loss and/or diminishment of retirement benefits.

42.     As a result of the Mayor's acts, Broadus suffered severe emotional distress and related medical problems.

43.     As a result of these medical problems, Broadus has been required to seek medical treatment and incur medical expenses.

44.     Broadus has been unable to find comparable employment and remains unemployed.

45.     Pursuant to city ordinance, Broadus had an employment contract with the New Albany.

46.     Broadus was not terminated for just cause as required by city ordinance.

47.     The foregoing acts by the Mayor constitute breach of contract.

### COUNT III – AGE DISCRIMINATION

48.     Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 47, inclusive, as if set forth at length herein.

49.     As a result of the Mayor's acts, Broadus has suffered pecuniary and future losses in the form of lost wages, benefits, and loss and/or diminishment of retirement benefits.

50.     As a result of the Mayor's acts, Broadus suffered severe emotional distress and related medical problems.

51.     As a result of these medical problems, Broadus has been required to seek medical treatment and incur medical expenses.

52.     Broadus has been unable to find comparable employment and remains unemployed.

53.     At the time of the aforementioned September 3, 2004 adverse employment action, Broadus was 55 years-old and was approximately six months shy of fully vesting his PERF pension.

54.     The adverse employment action taken against Broadus was motivated in part on age and by the intent of New Albany to deny Broadus his retirement benefits.

55.     Such acts and conduct on the part of New Albany are in derogation of Broadus' rights under the ADEA.

## COUNT IV – DEFAMATION

56.     Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 55, inclusive, as if set forth at length herein.

57.     At a public City Council meeting on or about September 9, 2004, the Mayor alleged that Broadus was working for himself while on city time as an employee.

58.     The Mayor's allegations were false, defamatory, and were made with malice.

59.     The Mayor's allegations were subsequently printed in the Courier-Journal newspaper.

60. The Mayor's allegations have damaged Broadus' reputation in the community and made it more difficult for him to find comparable employment.

## COUNT V – DENIAL OF DUE PROCESS

61. Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 60, inclusive, as if set forth at length herein.

62. New Albany's failure to provide Broadus with a hearing for meaningful review of his demotion and termination denied Broadus of his constitutional rights and those rights vested by city ordinance.

## COUNT VI -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 62, inclusive, as if set forth at length herein.

64. As a result of Broadus voicing his concerns to the Mayor and his protestations to requests by Hancock to ignore the requirements of the Code, Broadus was harassed by representatives of New Albany.

65. As a result of the actions of New Albany and its agents, Broadus has suffered embarrassment, humiliation, and stress. Further, his character and reputation have been damaged.

66. The intent of the harassment was to cause emotional stress.

## COUNT VII – PUNITIVE DAMAGES

67. Broadus repeats and realleges all of the allegations contained in Paragraphs 1 through 66, inclusive, as if set forth at length herein.

68. In its actions, New Albany and its agents acted with malice, fraud, gross negligence or oppressiveness which was not the result of mistake of fact or law, honest error or judgment, overzealousness, mere negligence or other human failing.

**WHEREFORE**, the Plaintiff, Stephen E. Broadus, demands judgment against the Defendant, City of New Albany, for compensatory damages, punitive damages, attorneys fees, costs, and for any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:

Richard T. Mullineaux, Atty. No. 9874-22
D. Keith Pulliam, Atty. No. 22231-22
Counsel for Plaintiff

## JURY DEMAND

The Plaintiff, Stephen E. Broadus, by counsel, demands trial by jury on all issues properly so triable.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By:

Richard T. Mullineaux, Atty. No. 9874-22
D. Keith Pulliam, Atty. No. 22231-22
Counsel for Plaintiff

KIGHTLINGER & GRAY, LLP
One Commerce Square
4106 Charlestown Rd.
New Albany, IN 47150
(812) 949-2300